# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

DLANEY M. NIXON, et al.,

    *Defendants.*

Case No. 12-10232-01-EFM

## MEMORANDUM AND ORDER

Defendant Dlaney Nixon was charged in a one-count indictment with aggravated bank robbery in violation of 18 U.S.C. § 2113(a), (d), and 18 U.S.C. § 2. Nixon pleaded guilty to violating § 2113(a) and § 2. He now moves to dismiss the remaining § 2113(d) charge on double jeopardy grounds (Doc. 89). Because Nixon was aware that the Government intended to proceed to trial on the remaining charge at the time that Nixon entered his guilty plea, this case does not threaten the principles that double jeopardy is intended to protect against. The Court therefore denies Nixon's motion to dismiss the remaining § 2113(d) allegation.

### I.     Factual and Procedural Background

Defendant Dlaney Nixon was indicted on one count of aggravated bank robbery in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d). At a hearing held before the Court on March 26, 2013, Nixon pleaded guilty to violating §§ 2 and 2113(a). During the course of that hearing

the following conversation occurred between Assistant Federal Defender Joel Mandelman, Assistant U.S. Attorney David Lind, and the Court:

> THE COURT: So we're going to go to trial on subsection (d)?
>
> MR. MANDELMAN: Well, we were hope—it appears that way.
>
> THE COURT: All right. I mean, certainly he's entitled to do that. I just wanted to be sure that we knew what we were doing. So he's going to plead to subsection (a), but we're going to go to trial on subsection (d)?
>
> MR. MANDELMAN: If the Government chooses to proceed.
>
> THE COURT: Well, I think you need to assume that they will. Do you have anything to add, Mr. Lind?
>
> MR. LIND: No, Your Honor, just that I've spoken with Mr. Mandelman about ways to handle it, Your Honor, and we can speak to the Court after the plea about that . . . .

Later in the hearing, Mr. Lind informed the Court, in Nixon's presence, that he had suggested to Mr. Mandelman that the parties proceed with a bench trial on subsection (d), explaining to the Court, "[A]s I understand, Mr. Mandelman's trying to preserve [the last element] for appeal, because we have a BB gun used in this case and he has questions about whether or not that is sufficient for a subsection (d) conviction." Mr. Lind went on to say that a bench trial would last only a day, or two days with a jury, because the trial would focus on what occurred in the bank.

Before taking his guilty plea, the Court spoke directly with Nixon about the U.S. Sentencing Guidelines. When discussing the reduction in offense level for acceptance of responsibility, the Court told Nixon, "Candidly, I'm not sure how that's going to work if you go to trial on part of the [charge] and admit to part of it, but you may be entitled to reduction in what that offense level is . . . ." The Court then informed the parties that sentencing would not be scheduled until all charges against Nixon were resolved.

Before concluding the hearing, the Court discussed setting a date for a bench trial, saying, "Well, I'm trying to do this in the appropriate order, and my first question is knowing whether or not the Government's going to go forward, and the defendant for that matter is going to go forward with respect to this remaining charge, but it sounds to me like you're both saying that you are, so if that's the case I don't know that we need a status conference." The Court was prepared to set a date for a bench trial, but the attorneys asked for time to submit briefs on whether use of a BB gun was sufficient to sustain a conviction under § 2113(d). Instead, the parties set a date for a status conference and the Court informed the parties, "All I'm going to do at the status conference is decide if we're going forward with trial, and if we are, set dates."

After the status conference, Nixon filed this motion to dismiss the remaining § 2113(d) charge. Nixon argues that the Double Jeopardy Clause prohibits the Government from proceeding to trial on that violation. The Government asserts that a guilty plea to a lesser-included offense does not prohibit prosecution for the greater offense.

## II. Legal Standard

The Double Jeopardy Clause affords a defendant three basic protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense.[1] "[T]he bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous

---

[1] *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (citations omitted).

conviction or an impermissibly enhanced sentence."[2]  The threshold questions for the Court when reviewing a claim of double jeopardy are (1) whether jeopardy has attached,[3] and (2) whether the offense to be prosecuted is the same offense to which the defendant previously pleaded guilty.[4]  The Court, however, need not address these question in Nixon's case because the specific circumstances of Nixon's plea vitiate double jeopardy concerns.

### III. Analysis

In *Brown v. Ohio*, the Supreme Court held that the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and either acquitted or convicted on the lesser included offense.[5]  That same year, the Supreme Court held that the Double Jeopardy Clause did not bar the Government from trying a defendant on a greater offense charge after he was convicted at trial on a lesser-included charge because the defendant himself sought separate trials on the two charges.[6]  Citing both of the preceding cases, the Court in *Ohio v. Johnson*, held that double jeopardy did not prohibit the Government from proceeding

---

[2]  *Id.* at 498–99.

[3]  *United States v. Combs*, 634 F.2d 1295, 1300 (10th Cir. 1980) (quoting *Crist v. Bretz*, 437 U.S. 28, 38 (1978)) ("The time at which jeopardy attaches is 'the lynchpin for all double jeopardy jurisprudence.'").  The Supreme Court has not expressly decided when jeopardy attaches in a criminal proceeding in which there is no trial and the defendant pleads guilty.  *See* 6 Wayne R. LaFave et al., *Criminal Procedure* § 25.1(d) (3d ed. 2007) ("The Supreme Court's only statement as to when double jeopardy attaches in a case involving a guilty plea appears in *Ricketts v. Adamson*.  *Ricketts* was a case concerning the defendant's breach of a plea agreement, in which the Court merely 'assumed that jeopardy attached at least when respondent was sentenced . . . on his plea of guilty.'").  And the Tenth Circuit has offered only slightly more clarity, stating that "jeopardy does not attach at least until the guilty plea is accepted, and perhaps not until even later." *United States v. Wampler*, 624 F.3d 1330, 1341 (10th Cir. 2010); *see also United States v. Combs*, 634 F.2d 1295, 1296, 1298 (10th Cir. 1980) (discussing, in a plurality opinion, attachment at sentencing *and* attachment during the pleading stage).

[4]  *See Combs*, 634 F.2d at 1296.

[5]  432 U.S. 161 (1977).

[6]  *Jeffers v. United States*, 432 U.S. 137, 152–54 (1977) ("[The defendant] was solely responsible for the successive prosecutions for the conspiracy offense and the continuing-criminal-enterprise offense.  Under the circumstances, we hold that his action deprived him of any right that he might have had against consecutive trials.").

-4-

to trial on two counts charging greater offenses when the defendant had pleaded guilty to the two lesser offenses because the case did not threaten "the principles of finality and prevention of prosecutorial overreaching."[7] The Court explained:

> The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws.[8]

It is true that a fair reading of the Court's opinion in *Johnson* supports the proposition that "[w]here the government does not object to the court's decision to accept a defendant's guilty plea, the court's acceptance of a defendant's guilty plea may bar further proceedings, depending upon the circumstances."[9] But construing the aforementioned Supreme Court cases together, it is clear that the specific circumstances of each case must inform the Court's decision as to whether the defendant requires the protection of the Double Jeopardy Clause against the threats of continued embarrassment, anxiety, expense, and governmental overreaching. A bar on further prosecutions may be appropriate if the totality of the circumstances show that "the defendant is entitled to consider as final a judge's acceptance of a guilty plea to one of several charges absent any objection by the government or notice from the trial court prior to tendering the plea that the court's acceptance of the plea would be conditional."[10]

---

[7] 467 U.S. at 501.

[8] *Johnson*, 467 U.S. at 501–02 (internal citations omitted).

[9] LaFave, *supra* note 3, at § 25.1(d).

[10] *Id.*

The circumstances of Nixon's guilty plea clearly conveyed to all parties that further prosecution on the § 2113(d) charge was forthcoming. Mr. Mandelman represented to the Court that it appeared that the parties would proceed to trial, and the Court informed Mr. Mandelman that the defendant should assume that the Government would choose to proceed. In its colloquy with Nixon, the Court explicitly noted the possibility of proceeding to trial on the remaining charge, and the Court declined to schedule a date for sentencing until that charge was resolved. And after Nixon entered his plea, both attorneys spoke with the Court about scheduling a bench trial. Because Nixon knew the Government would prosecute him for violating § 2113(d), his guilty plea carried no implied acquittal, he is not being subjected to unfair embarrassment or anxiety, and the Government is not abusing its powers of prosecution. Instead, the Government is merely seeking its "one full and fair opportunity to convict those who have violated its laws."[11] Based on these facts, the Court declines to dismiss the remaining charge of the indictment on double jeopardy grounds.

**IT IS ACCORDINGLY ORDERED** this 29th day of April, 2013, that Defendant's Motion to Dismiss Remaining § 2113(d) Allegation (Doc. 89) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] *Johnson*, 467 U.S. at 502.