IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
                                )
                    *Plaintiff*, )
                                )
v.                              )       Case No. 12-10232-01-EFM
                                )
DLANEY M. NIXON,                )
                                )
                    *Defendant*. )
_____)

## MEMORANDUM AND ORDER

When a bank robber brandishes and displays an item which appears to be a gun, though it in fact is merely a toy or replica, has he committed a crime using a "dangerous weapon or device?"  Defendant argues that he has not, and that therefore an indictment against him charging him with committing such an offense pursuant to 18 U.S.C. § 2113(d) should be dismissed.  The overwhelming weight of authority, from this Circuit and others, counsels differently, and the Court therefore declines Defendant's request to revisit this law and dismiss the charge.

On October 18, 2012, two men entered the Intrust Bank in Valley Center, Kansas.  One, whose face was covered by a white cloth, carried a bag and pointed what appeared to be a black handgun at tellers, yelling at them to "get down, get down."  The second man, who followed the first into the bank, also carried a bag and had his face obscured by a ski mask.  He yelled, "Where's the money?" at the tellers.  The tellers laid on the floor and pointed to cash drawers, which the robbers emptied.  After shouts of, "Where's the rest of it?" went unanswered, the robbers fled.  They were later apprehended, along with two accomplices.  In the accomplices' car

law enforcement officers recovered one of the bags of money and what appeared to be a black handgun, but was later determined to be merely a realistic-looking fake gun.

Defendant Dlaney Nixon, the second robber, was charged by the grand jury with a one count indictment of bank robbery and aiding and abetting, in violation of 18 U.S.C. § 2113(a) and (d), and § 2.[1]  Section 2113 provides in relevant part as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.
> …
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

On March 26, 2013, Defendant entered an unconditional guilty plea, without plea agreement, to the charges under 18 U.S.C. § 2113(a) and § 2.  As noted above, the statute provides a shorter maximum term of sentence for offenses committed under subsection (a) than is provided for offenses committed under subsection (d).  Defendant has now moved to dismiss the remaining § 2113(d) charge on the grounds that a fake gun is not a dangerous weapon under that statute (Doc. 97).[2]

It bears noting that it is unclear whether the fake gun recovered by law enforcement officers along with one of the bags of money was the same object identified by the victims of the robbery as the robbers' gun.  Following the segmented guilty plea, the parties had proposed a short trial to the bench on this matter.  Defendant now represents, however, that if the Court

---

[1] While the facts are clear that it was the first robber, and not Nixon, who carried the item appearing to be a gun, the law still imputes the use of the gun (if indeed a gun was used) by that defendant to Nixon.  The law is clear on this point, *United States v. Marx*, 485 F.2d 1179, 1185 (10th Cir. 1973), and is not disputed in this case.

[2] Following that guilty plea, Defendant moved to dismiss the remaining count under subsection (d) on double jeopardy grounds.  The Court denied that motion (Doc. 92), and that issue is not raised in the present motion.

denies this motion to dismiss, he intends to enter a conditional guilty plea on subsection (d), preserving his right to appeal. Although the Government has not affirmatively stated as such, the Court infers that the Government has concluded it would be unable to meets its burden of proof that another (real) gun was used at the robbery instead of the fake gun recovered with one of the bags of money,[3] and thus it appears that if the Court concludes that a fake gun is not a dangerous weapon under 18 U.S.C. § 2113(d), that the charge would be dismissed. Therefore, the parties have dropped their request for a bench trial, and have consented to the resolution of the remaining matter by this motion.

Defendant freely admits that this question does not arise on a blank slate. Indeed, it does not even arise in the context of ambiguous court decisions. The Tenth Circuit has repeatedly affirmed that use of an unloaded weapon, a fake weapon, or other fake or simulated weapons may qualify as a "dangerous weapon or device" for the purposes of § 2113(d):

> The "use of a dangerous weapon or device" necessary to commit an "armed" robbery under § 2113(d) requires that the defendant "created an apparently dangerous situation, (b) intended to intimidate his victim to a degree greater than mere use of language, (c) which does, in fact, place his victim in reasonable expectation of death or serious bodily injury." *United States v. Spedalieri*, 910 F.2d 707, 710 (10th Cir. 1990), *United States v. Crouthers*, 669 F.2d 635, 639 (10th Cir. 1982). Under this test, for example, an "armed" bank robbery can be committed with a fake or unloaded gun. This is because the presence of even an unloaded gun increases the danger of an immediate violent response, *McLaughlin v. United States*, 476 U.S. 16, 17-18, 106 S.Ct. 1677, 1678, 90 L.Ed.2d 15 (1986), and because it is unreasonable to expect the robbery victim to risk life to positively ensure that the assailant has a gun that is loaded. *Crouthers*, 669 F.2d at 639.[4]

Indeed, the Seventh Circuit has noted that "'every circuit court considering even the question of whether a fake weapon that was never intended to be operable has come the same

---

[3] No other gun, real or fake, has been recovered in connection with this robbery.

[4] *United States v. Coleman*, 9 F.3d 1480, 1484 (10th Cir. 1993). *See also, United States v McCall*, 85 F.3d 1193, 1197 (6th Cir. 1996) (a toy gun may be considered a "dangerous weapon or device" under § 2113(d)); *United States v. Cannon*, 903 F.2d 849, 854-55 (1st Cir. 1990) (same).

conclusion' that it constitutes a dangerous weapon for the purposes of the armed robbery statute."[5]

Defendant candidly acknowledges this state of the law, but contends that this test is "inconsistent with the common definition of a dangerous weapon and unjustifiably expands the scope of the statute."[6] Defendant also challenges the continuing viability of the U.S. Supreme Court's decision in *McLaughlin* and challenges courts' reliance on statutory history in the face of clear language of the statute.[7]

The Court rejects these arguments. Moreover, the Court takes note of the Government's argument that the use of an operable firearm during a bank robbery is a more serious offense, punishable under 18 U.S.C. § 924(c). To adopt Defendant's proffered narrowing of 18 U.S.C. § 2113(d) would serve to erode the distinction between these statutes. The Court rather concludes that Congress enacted different statutes, with different provisions and punishments, for good reason.

The weight of authority and logic compel this Court to find that "a dangerous weapon or device" can include inoperable weapons, including authentic-looking, though fake, guns. Defendant's arguments to the contrary are rejected.

---

[5] *United States v. Hargrove*, 201 F.3d 966, 968 n. 2 (7th Cir. 2000) (citations omitted).

[6] Doc. 97, at 4.

[7] While several courts do note legislative history indicating that Congress regarded incitement of fear as sufficient to characterize an apparently dangerous article such as a wooded gun as "dangerous" within the meaning of the statute, it appears that the legislative history references are made more for illustrative purposes than for interpretative ones. The Court agrees that the language of the statute is not unclear, but finds that language encompasses the types of inoperable firearm examples that other courts, and the Congressional floor debates, exemplify.

**IT IS ACCORDINGLY ORDERED** this 13th day of June, 2013, that Defendant's Motion to Dismiss (Doc. 97) is DENIED.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNTIED STATES DISTRICT JUDGE